IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| EUGENIO LOPEZ RODRIGUEZ, TDCJ No. 382692, | § § § | |
| Movant, | § § | |
| v. | § § | Civil Action No. 7:23-cv-105-O |
| K. SMITH, | § § § | |
| Respondent. | § | |

**ORDER DISMISSING CASE**

This is a Motion for Temporary Restraining Order filed by Eugenio Lopez Rodriguez, an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. Plaintiff claims that his life is in danger at the Allred Unit because he is housed among gang members, that prison officials have no regard for his safety, that his personal property has been taken, that he has not received responses to his grievances, that his magazine subscriptions have been cancelled, and that his mail has unlawfully been delivered to other inmates. *See* ECF No. 1. He asks the Court to order Respondent to move him to a safe area in the prison. *Id.* at 10.

On October 10, 2023, a Notice of Deficiency and Order was entered wherein Plaintiff was directed to either pay the $402.00 filing and administrative fees or submit a motion for leave to proceed *in forma pauperis* along with a certified inmate trust account statement. *See* ECF No. 4. He was ordered to cure the deficiency by October 31, 2023. *Id.* Plaintiff was admonished that "[f]ailure to comply with [the] order may result in dismissal of the case without further notice." *Id.* The Clerk's docket sheet reflects that Plaintiff has failed to comply with the Court's order.

The Court takes judicial notice that *in forma pauperis* form applications and certified inmate trust account statements are readily available through the law libraries in Texas state

prisons. *See Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming district court's dismissal for want of prosecution after inmate failed to comply with *sua sponte* order to provide financial information for assessment of PLRA filing fee); *Morrow v. Collins*, 111 F.3d 374, 375 (5th Cir. 1997) (taking judicial notice that an inmate confined in a Texas state prison can get a trust account statement from the prison law library and dismissing the appeal for want of prosecution, even though the prisoner claimed that he could not get the statement due to hostility on the part of prison officials). Despite the availability of such forms, Plaintiff has failed to comply with the Court's order.

Rule 41(b), Federal Rules of Civil Procedure, allows the Court to dismiss an action *sua sponte* for failure to prosecute or for failure to follow orders of the Court. This authority flows from the Court's inherent power to manage its docket. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). A dismissal *with prejudice* for want of prosecution is an extreme sanction which should be employed only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

In the instant case, Plaintiff has had ample time in which to either pay the filing fee or submit a motion for leave to proceed *in forma pauperis*. Absent compliance with the Court's order, this case cannot proceed. In light of the status of this case, the imposition of fines and costs is not appropriate. Although he has failed to comply with the Court's order, it is not evident from the record that Plaintiff has engaged in purposeful delay or contumacious conduct. Upon consideration

of all relevant factors, the Court finds that the interests of justice and those of judicial efficiency are best served by dismissal of this action without prejudice.

For the foregoing reasons, this action is **DISMISSED** without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure, for want of prosecution.

**SO ORDERED** this **9th day** of **November, 2023.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE